FILED
NOVEMBER 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENDRA WRIGHT, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>GREATWIDE INTEGRATED LOGISTICS )<br>SERVICES, INC., d/b/a BRISK )<br>TRANSPORTATION, LP )<br>)<br>    Defendant. ) | **07 C 6583**<br><br>No. 07 CV _____<br><br>**JUDGE ANDERSEN<br>MAGISTRATE JUDGE BROWN**<br><br>LI |

### COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Title VII of the Civil Rights Act of 1964, and under 42 U.S.C. sec. 1981. The jurisdiction of this Court is conferred by 42 U.S.C. sec. 2000e et seq. and 28 U.S.C. sec. 1343.

2. Plaintiff is an African American female resident of the Northern District of Illinois.

3. Defendant GreatWide Integrated Logistics Services, Inc. ("Greatwide") is incorporated in the State of Delaware and at all times material, was doing business in the State of Illinois as "Brisk Transportation."

4. During the course of her employment with defendant, plaintiff complained about treatment, referred to herein, to the following management personnel: Craig Bishop, Regional Manager; Tom Hamilton and Patrick Gray, Terminal Managers; and by email, to Brent Hagenbuch, President of, "GreatWide" and George Cardin,

All of the aforementioned are white males.

5. Plaintiff was employed by defendant from July 19, 2005 until she was laid off from her job on March 13, 2006.

6. Plaintiff filed timely charges of employment discrimination and brings this action within 90 days of receipt of her notice of right to sue.

7. Plaintiff demands trial by jury on all of her claims.

### Claim I (Unequal Pay)

8. Plaintiff restates and realleges paragraphs 1-6 in haec verba.

9. Plaintiff, was hired as a truck dispatcher on the second shift, for a salary of $28,000 per year.

10. A white female was hired one or two months thereafter, also for the same position as truck dispatcher, at the salary of $40,000 per year. Plaintiff was required to train the white female.

11. Plaintiff was equally, or more qualified for the position than was the later-employed white female.

12. Plaintiff was paid less than her similarly situated white counterpart because of her race, and continued to be paid less even after she complained to her terminal manager, and to the regional manager, Craig Bishop. about the salary difference.

As a result thereof plaintiff suffered loss of income and emotional distress.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A.  Judgment for compensatory damages against defendant in excess of $50,000;

B.  Judgment for punitive damages against defendant in excess of $100,000;

C.  Such other relief as this court deems fit, including costs and attorney's fees.

### Claim II (Race & Gender Discrimination)

13.  Defendant subjected plaintiff to different terms and conditions of employment because of her race and gender and subjected her to racial and sexual harassment because of her race and her gender.

14.  Defendant transferred plaintiff, against plaintiff's wishes, from the second shift to the third shift and assigned the aforementioned white female to the second shift, assigned to the second shift.

15.  Plaintiff was subjected to additional different terms and conditions of employment by management, including, inter alia:

   a.  the lack of accessible lavratory facilities on the night shift, and the refusal to provide her with a key to the women's washroom;

   b.  the failure to be trained properly so as to compete for a managerial position, although a similarly situated white male was so trained;

  c. the requirement that she report for work on Thanksgiving and Christmas holidays.

  d. the requirement that she work more hours than did the similarly situated white woman ;

  d. the refusal of her request to be returned to the second shift, after the white female left defendant's employment.

 16. In January, 2006 plaintiff was subjected to racial and sexual harassment in the form of a series of and pornographic and racially offensive emails left on a computer jointly shared with a co-worker.

 17. Managerial personnel of defendant, knew, or should have known of, and or, participated in the disemination of this material.

 18. As a result thereof, plaintiff was humiliated and embarrassed, underwent extreme emotional distress, interfering with her ability to enjoy life, causing her to fear for her personal safety and well-being.

 WHEREFORE, Plaintiff respectfully requests this Court award the following:

  A. Judgment for compensatory damages against defendant in excess of $50,000;

  B. Judgment for punitive damages against defendant in excess of $100,000;

  C. Such other relief as this court deems fit, including costs and attorney's fees.

### Claim III
### (Retaliation for Filing Charge of Discrimination)

Plaintiff restates and realleges paragraphs 1-21 in haec verba.

19. Following the filing of plaintiff's first EEOC charge, she explerienced harassment for filing a charge by having a sign left in different parts of the area in which she worked proclaiming: "Notice. Sexual Harassment in this Area Will Not Be Reported. However, it Will Be 'Graded.'"

20. On March 13, 2006 plaintiff was laid off from her job by defendant. The facility was closed a month or two later.

21. Defendant demanded that plaintiff sign a release and withdraw the pending charges of discrimination she filed with EEOC as a condition precedant to receiving severance pay. Plaintiff refused to do so.

22. The other employees of defendant, on information and belief, were given severance pay without signing a release.

23. On April 27, 2006, plaintiff filed an additional charge of discimination against defendant for retaliation against her for having filed her initial charge of discrimination

24. Defendant's action was in retaliation against plaintiff for having filed a charge of discrimination.

25. As a result thereof, defendant suffered loss of severance pay, was humiliated, and underwent emotional distress over the way she was treated for exercising rights protected by the Civil Rights Act.

WHEREFORE, Plaintiff respectfully requests this Court award the following:

A. Judgment for compensatory damages against defendant in excess of $50,000;

B. Judgment for punitive damages against defendant in excess of $100,000;

C. Such other relief as this court deems fit, including costs and attorney's fees.

Cecile L. Singer
Kenneth N. Flaxman
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604

(312) 427-3200

Attorneys for Plaintiff