IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENDRA WRIGHT, | ) |
| | ) Case No. 07-CV-6583 |
| Plaintiff, | ) |
| | ) Judge Andersen |
| v. | ) |
| | ) Magistrate Judge Brown |
| BRISK TRANSPORTATION, L.P., | ) |
| | ) |
| Defendant. | ) |

### ANSWER AND AFFIRMATIVE DEFENSES OF
### BRISK TRANSPORTATION, L.P. TO AMENDED COMPLAINT

Defendant, Brisk Transportation, L.P. ("Brisk"), by and through its attorneys, denies each and every allegation not specifically admitted herein, and in addition thereto, answers the Amended Complaint as follows:

1. This is a civil action arising under Title VII of the Civil Rights Act of 1964, and under 42 U.S.C. sec. 1981. The jurisdiction of this Court is conferred by 42 U.S.C. sec. 2000e, *et seq.* and 28 U.S.C. sec. 1343.

**ANSWER:** Brisk admits that Plaintiff has asserted claims under Title VII of the Civil Rights Act of 1964, and under 42 U.S.C. §1981. Brisk further admits that Plaintiff has asserted that this Court has jurisdiction over Plaintiff's claims. Brisk states that the remaining allegations of paragraph 1 state a legal conclusion to which no answer is required.

2. Plaintiff is an African American female resident of the Northern District of Illinois.

**ANSWER:** Brisk admits that Plaintiff is an African American female. Brisk is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and, therefore, denies same.

3. Defendant BRISK TRANSPORTATION, L.P. is a limited partnership, at all times material, doing business in the Northern District of Illinois.

**ANSWER:** Brisk admits the allegations of paragraph 3.

4. During the course of her employment with defendant, plaintiff complained about treatment, referred to herein, to management personnel including, <u>inter alia</u>, Craig Bishop, Regional Manager; Tom Hamilton and Patrick Gray, Terminal Managers; and by email, to Brent Hagenbuch, President of, "Greatwide" and George Cardin. All of the aforementioned are white males.

**ANSWER:** Brisk admits that during Plaintiff's employment, she made several complaints and that Craig Bishop, Tom Hamilton, Patrick Gray, Brent Hagenbuch, and George Cardin are males. Brisk is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and, therefore, denies same.

5. Plaintiff was employed by defendant from July 19, 2005 until she was laid off from her job on March 13, 2006.

**ANSWER:** Brisk admits that Plaintiff was employed from July 19, 2005 to March 13, 2006. Brisk denies the remaining allegations of paragraph 5.

6. Plaintiff filed timely charges of employment discrimination and brings this action within 90 days of receipt of her notice of right to sue.

**ANSWER:** Brisk admits the allegations of paragraph 6.

7. Plaintiff demands trial by jury on all of her claims.

**ANSWER:** Brisk admits that Plaintiff has demanded trial by jury on all her claims. Brisk affirmatively states that whether plaintiff is entitled to trial by jury on all her claims is a legal conclusion to which no answer is required.

## <u>CLAIM I (UNEQUAL PAY)</u>

8. Plaintiff restates and realleges paragraphs 1-6 in haec verba.

**ANSWER:** Brisk reaffirms and incorporates herein by reference its answers to paragraphs 1 through 7 above.

9.  Plaintiff was hired as a truck dispatcher on the second shift, for a salary of $28,000 per year.

**ANSWER:** Brisk admits Plaintiff was hired as a Contractor Team Leader on the second shift for a salary of $28,000 per year. Brisk denies the remaining allegations of paragraph 9.

10.  A white female was hired one or two months thereafter, also for the same position as truck dispatcher, at the salary of $40,000 per year. Plaintiff was required to train the white female.

**ANSWER:** Brisk denies the allegations of paragraph 10.

11.  Plaintiff was equally, or more qualified for the position than was the later-employed white female.

**ANSWER:** Brisk denies the allegations of paragraph 11.

12.  Plaintiff was paid less than her similarly situated white counterpart because of her race, and continued to be paid less even after she complained to her terminal manager, and to the regional manager, Craig Bishop, about the salary difference. As a result thereof plaintiff suffered loss of income and emotional distress.

**ANSWER:** Brisk denies the allegations of paragraph 12.

### CLAIM II (RACE & GENDER DISCRIMINATION)

13.  Defendant subjected plaintiff to different terms and conditions of employment because of her race and gender and subjected her to racial and sexual harassment because of her race and her gender.

**ANSWER:** Brisk denies the allegations of paragraph 13.

14.  Defendant transferred plaintiff, against plaintiff's wishes, from the second shift to the third shift and assigned the aforementioned white female to the second shift, assigned to the second shift.

**ANSWER:**   Brisk denies the allegations of paragraph 14.

15. Plaintiff was subjected to additional different terms and conditions of employment by management, including, inter alia:
    a.    the lack of accessible lavatory facilities on the night shift, and the refusal to provide her with a key to the women's washroom;
    b.    the failure to be trained properly so as to compete for a managerial position, although a similarly situated white male was so trained;
    c.    the requirement that she report for work on Thanksgiving and Christmas holidays;
    d.    the requirement that she work more hours than did the similarly situated white woman;
    d.[sic]    the refusal of her request to be returned to the second shift, after the white female left defendant's employment.

**ANSWER:**   Brisk denies the allegations of paragraph 15.

16. In January, 2006 plaintiff was subjected to racial and sexual harassment in the form of a series of and pornographic and racially offensive emails left on a computer jointly shared with a co-worker.

**ANSWER:**   Brisk denies the allegations of paragraph 16.

17. Managerial personnel of defendant, knew, or should have known of, and or, participated in the dissemination of this material.

**ANSWER:**   Brisk denies the allegations of paragraph 17.

18. As a result thereof, plaintiff was humiliated and embarrassed, underwent extreme emotional distress, interfering with her ability to enjoy life, causing her to fear for her personal safety and well-being.

**ANSWER:**   Brisk denies the allegations of paragraph 18.

### CLAIM III (RETALIATION FOR FILING CHARGE OF DISCRIMINATION)

19. Following the filing of plaintiff's first EEOC charge, she experienced harassment for filing a charge by having a sign left in different parts of the area in which she worked proclaiming: "Notice. Sexual Harassment in this Area Will Not Be Reported. However, it Will Be 'Graded.'"

**ANSWER:**   Brisk denies the allegations of paragraph 19.

20. On March 13, 2006 plaintiff was laid off from her job by defendant. The facility was closed a month or two later.

**ANSWER:** Brisk admits that Plaintiff's employment was terminated on March 13, 2006 and that the facility closed in April 2006. Brisk denies the remaining allegations of paragraph 20.

21. Defendant demanded that plaintiff sign a release and withdraw the pending charges of discrimination she filed with EEOC as a condition precedent to receiving severance pay. Plaintiff refused to do so.

**ANSWER:** Brisk admits that Plaintiff was offered severance pay conditioned upon the execution of a Separation Agreement and Release which Plaintiff did not sign. The Separation Agreement and Release speaks for itself. Brisk denies the remaining allegations of paragraph 21.

22. The other employees of defendant, on information and belief, were given severance pay without signing a release.

**ANSWER:** Brisk denies the allegations of paragraph 22.

23. On April 27, 2006, plaintiff filed an additional charge of discrimination against defendant for retaliation against her for having filed her initial charge of discrimination.

**ANSWER:** Brisk admits the allegations of paragraph 23.

24. Defendant's action was in retaliation against plaintiff for having filed a charge of discrimination.

**ANSWER:** Brisk denies the allegations of paragraph 24.

25. As a result thereof, defendant suffered loss of severance pay, was humiliated, and underwent emotional distress over the way she was treated for exercising rights protected by the Civil Rights Act.

**ANSWER:** Brisk denies the allegations of paragraph 25.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Brisk assume no burdens that would otherwise rest with the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Plaintiff has failed to exhaust her administrative remedies as to all allegations in her claims.

### SECOND AFFIRMATIVE DEFENSE
### NO SUBJECT MATTER JURISDICTION

This Court may lack subject matter jurisdiction over certain of Plaintiff's allegations in her claims.

### THIRD AFFIRMATIVE DEFENSE
### ANTI-HARASSMENT POLICY

Brisk promulgated an anti-harassment policy with a complaint procedure which was disseminated to Brisk's employees, including the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE
### FAILURE TO FOLLOW PROCEDURE

Plaintiff unreasonably failed to take advantage of any complaint procedures or other preventative or corrective opportunities to avoid harm.

### FIFTH AFFIRMATIVE DEFENSE
### REASONABLE CARE

Brisk exercised reasonable care to prevent and, assuming, *arguendo*, that the alleged harassment occurred, to promptly correct any inappropriate behavior in the workplace.

### SIXTH AFFIRMATIVE DEFENSE
### CORRECTIVE ACTIONS

Assuming *arguendo*, that the alleged harassment occurred, Brisk took immediate and appropriate corrective actions to remedy the situation.

### SEVENTH AFFIRMATIVE DEFENSE
### OUTSIDE SCOPE OF EMPLOYMENT

The conduct complained of by Plaintiff was not sufficiently severe or pervasive to create a hostile workplace.

### EIGHTH AFFIRMATIVE DEFENSE
### NONDISCRIMINATORY AND NON-RETALIATORY REASONS

All actions by Brisk with regard to employment decisions concerning the Plaintiff were based on nondiscriminatory and non-retaliatory reasons.

### NINTH AFFIRMATIVE DEFENSE
### GOOD FAITH WITH LEGITIMATE BUSINESS PURPOSE

Any actions by Brisk relating to Plaintiff were taken in good faith, with a legitimate business purpose and without any malice or harmful intent whatsoever.

### TENTH AFFIRMATIVE DEFENSE
### NO DAMAGES

Any damages allegedly suffered by Plaintiff were the result of her own conduct and were not caused by or attributable to Brisk.

### ELEVENTH AFFIRMATIVE DEFENSE
### FAILURE TO MITIGATE

While Brisk denies that Plaintiff is entitled to recover any damages from it, alternatively, assuming *arguendo* that the Court determines that Plaintiff is entitled to recover damages, Plaintiff has failed to mitigate her alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE
## PUNITIVE DAMAGES

Brisk did not engage in any conduct or actions sufficient to warrant the giving of a punitive damage instruction to the jury.

Brisk reserves the right to assert further affirmative defenses upon discovery into the matters alleged in Plaintiff's Amended Complaint.

WHEREFORE, Brisk requests judgment as follows:

a. That Plaintiff take nothing by way of her Amended Complaint;

b. That the Amended Complaint be dismissed with prejudice;

c. That Brisk be awarded such other relief that this Court deems equitable and reasonable.

Dated: January 17, 2008                    Respectfully submitted,

/s/ Stephanie M. Zimdahl
Stephanie M. Zimdahl
One of its attorneys

Wendi E. Sloane (06183926)
Stephanie M. Zimdahl (6287755)
BARACK FERRAZZANO KIRSCHBAUM
    & NAGELBERG LLP
200 W. Madison Street, Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)

## CERTIFICATE OF SERVICE

I, Stephanie M. Zimdahl, an attorney, hereby certify that service of the foregoing Answer and Affirmative Defenses of Brisk Transportation, L.P. to Amended Complaint was accomplished pursuant to ECF Rules in compliance with Fed. Rule Civ. P. 5(b)(2)(D) to the following:

>Cecile L. Singer
>200 South Michigan Avenue, Suite 1240
>Chicago, Illinois  60604

>Kenneth N. Flaxman
>Kenneth N. Flaxman, P.C.
>200 South Michigan Avenue, Suite 1240
>Chicago, Illinois  60604

this 17th day of January, 2008.

>s/ Stephanie M. Zimdahl